## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **KONINKLIJKE KPN N.V.,** | |
| **Plaintiff,** | Civil Action No.   **2:21-cv-113** |
| **vs.** | |
| **TELEFONAKTIEBOLAGET LM ERICSSON AND ERICSSON INC.,** | **JURY TRIAL** |
| **Defendants.** | |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF KONINKLIJKE KPN N.V.'S COMPLAINT

Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc., (collectively "Ericsson" or "Defendants"), by and through their attorneys, hereby answer the Complaint of Plaintiff Koninklijke KPN N.V. ("KPN" or "Plaintiff"). The numbered paragraphs below correspond to the numbered paragraphs in the Complaint and constitute Ericsson's responsive admissions, denials, and allegations thereto. Except as otherwise expressly set forth and admitted below, Ericsson denies each and every allegation contained in the Complaint, including without limitation the headings and subheadings.

Ericsson specifically denies liability to KPN, or that KPN has suffered any legally cognizable damage for which Ericsson is responsible. Ericsson expressly reserves the right to amend and/or supplement its answer and defenses.

## BACKGROUND

1.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

2.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

3.    Ericsson admits that KPN and Ericsson have entered mutual, bilateral non-assertion agreements, and that those agreements covered December 17, 2004 to December 31, 2017. Except as expressly admitted, denied.

4.    Ericsson admits that KPN and Ericsson have engaged in license negotiations. Except as expressly admitted, denied.

5.    Ericsson admits that KPN and Ericsson have not entered a license agreement for a license to either KPN or Ericsson's patents. Except as expressly admitted, denied.

## PARTIES

6.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

7.    Ericsson admits that Telefonaktiebolaget LM Ericsson is a Swedish corporation with its principal place of business at Torshamnsgatan 21, Kista, Stockholm, Sweden. Except as expressly admitted, denied.

8.    Ericsson admits that Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas, 75024. Except as expressly admitted, denied.

## JURISDICTION AND VENUE

9.    Ericsson admits that KPN purports to set forth an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies such allegations are meritorious.

10.    Ericsson does not dispute that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    Ericsson does not challenge personal jurisdiction over Ericsson for purposes of this case. Except as expressly admitted, denied.

12.    Ericsson does not challenge personal jurisdiction over Ericsson for purposes of this case. Except as expressly admitted, denied.

13.    Ericsson admits that it issued the cited press releases with T-Mobile (https://www.tmobile.com/news/press/ericsson-5g-agreement; https://www.ericsson.com/en/news/2021/1/tmobile-expands-5g-nationwide), and that T-Mobile is an Ericsson customer. Ericsson admits that it has conducted trials of Ericsson's 5G SA New Radio on T-Mobile's network. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

14.    Ericsson admits that it issued the cited press release (https://www.ericsson.com/en/pressreleases/2017/12/verizon-awards-5g-contract-to-ericsson), and that Verizon is an Ericsson customer. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

15.     Ericsson admits that Verizon is an Ericsson customer. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

16.     Ericsson admits that it issued the cited press releases (https://www.ericsson.com/en/news/2018/8/us-5g-milestones; https://www.ericsson.com/en/news/2017/6/attlaunches-5g-trial-with-directv-now-in-austin) and that AT&T is an Ericsson customer. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

17.     Ericsson admits that it issued the cited press release (https://www.ericsson.com/en/press-releases/6/2020/ericsson-powers-north-texas-campuses-with-5g-distributed-innovation-network). Except as expressly admitted, denied.

18.     Ericsson does not challenge that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this case. Except as expressly admitted, denied.

19.     Ericsson does not challenge personal jurisdiction over Ericsson for purposes of this case. Except as expressly admitted, denied.

20.     Ericsson does not challenge personal jurisdiction over Ericsson for purposes of this case. Ericsson admits that Ericsson Inc. has its headquarters at 6300 Legacy Drive, Plano, Texas 75024. Except as expressly admitted, denied.

21.     Ericsson does not challenge personal jurisdiction over Ericsson for purposes of this case. Ericsson admits it issued the cited press release. Ericsson admits it has a factory in Lewisville, Texas. Except as expressly admitted, denied.

22.     Ericsson does not challenge venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for purposes of this case. Except as expressly admitted, denied.

## THE ASSERTED PATENTS

23.     Ericsson admits that KPN purports to set forth an action for patent infringement for the cited patents, but denies such allegations are meritorious.

**A.     U.S. Patent No. RE48,089 E**

24.     Ericsson admits that, on its face, U.S. Patent No. RE48,089 ("the '089 Patent") is entitled "Method and System for Automatic Coverage Assessment for Cooperating Wireless Access Networks," bears a date of reissue of July 7, 2020, and states that it is a reissue of U.S. Patent No. 8,626,175.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

25.     Ericsson admits that Paragraph 25 appears to quote selected portions of the specification of the '089 Patent, but denies that the '089 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Except as expressly admitted, denied.

26.     Ericsson admits that Paragraph 26 appears to quote selected portions of the specification of the '089 Patent, but denies that the '089 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Except as expressly admitted, denied.

27.     Ericsson admits that Paragraph 27 appears to quote selected portions of the specification of the '089 Patent, but denies that the '089 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Except as expressly admitted, denied.

28.     Ericsson admits that Paragraph 28 appears to quote selected portions of the specification of the '089 Patent, but denies that the '089 Patent describes or claims any new or

nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Except as expressly admitted, denied.

29.     Ericsson admits that Paragraph 29 appears to quote selected portions of the specification of the '089 Patent, but denies that the '089 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies that the '089 Patent relates to non-conventional subject matter and denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

30.     Ericsson admits that KPN has submitted the quoted declaration to ETSI. Except as expressly admitted, denied.

31.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

32.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

**B.      U.S. Patent No. 8,881,235 B2**

33.     Ericsson admits that, on its face, U.S. Patent No. 8,881,235 ("the '235 Patent") is entitled "Service-Based Authentication to a Network."  Ericsson admits that, on its face, the '235 Patent bears a date of issuance of November 4, 2014.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

34.     Ericsson admits that Paragraph 34 appears to quote selected portions of the specification of the '235 Patent, but denies that the '235 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems

or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

35.     Ericsson admits that Paragraph 35 appears to quote selected portions of the specification of the '235 Patent, but denies that the '235 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

36.     Denied.

37.     Ericsson admits that Paragraph 37 appears to quote selected portions of the specification of the '235 Patent, but denies that the '235 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

38.     Denied.

39.     Ericsson admits that KPN has submitted the quoted declaration to ETSI. Except as expressly admitted, denied.

40.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

41.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

**C.      U.S. Patent No. 9,253,637 B2**

42.     Ericsson admits that, on its face, U.S. Patent No. 9,253,637 ("the '637 Patent") is entitled "Telecommunications Network and Method for Time-Based Network Access." Ericsson admits that, on its face, the '637 Patent bears a date of issuance of February 2, 2016. Ericsson is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

43.    Denied.

44.    Ericsson admits that Paragraph 44 appears to quote selected portions of the specification of the '637 Patent, but denies that the '637 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

45.    Ericsson is without knowledge or information sufficient to form a belief as to the truth of what the inventors allegedly recognized.  Otherwise, denied.

46.    Denied.

47.    Ericsson is without knowledge or information sufficient to form a belief as to these allegations and therefore denies them.

48.    Ericsson admits that KPN has submitted the quoted declaration to ETSI. Except as expressly admitted, denied.

49.    Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

50.    Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

**D.    U.S. Patent No. 9,549,426 C2**

51.    Ericsson admits that, on its face, U.S. Patent No. 9,549,426 ("the '426 Patent") is entitled "Method and Telecommunications Node for Controlling an Attach State of a User Equipment." Ericsson admits that, on its face, the originally-issued '426 Patent bears a date of issuance of January 17, 2017. Ericsson admits that the PTO issued an Ex Parte Reexamination

Certificate for the '426 Patent on November 10, 2020.  Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

52.     Ericsson admits that Paragraph 52 appears to quote selected portions of the specification of the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

53.     Ericsson admits that Paragraph 53 appears to quote selected portions of the specification of the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

54.     Denied.

55.     Ericsson admits that Paragraph 55 appears to quote selected portions of the specification of the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

56.     Ericsson admits that Paragraph 56 appears to quote selected portions of the specification of the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems

or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

57.  Ericsson admits that Paragraph 57 appears to quote selected portions of the specification of the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies that the '426 Patent relates to non-conventional subject matter and denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

58.  Ericsson admits that Paragraph 58 appears to quote selected portions of the specification of the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies any alleged deficiencies in the prior art.  Except as expressly admitted, denied.

59.  Ericsson admits that Paragraph 59 appears to reproduce certain Figures from the '426 Patent, but denies that the '426 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Ericsson denies that the '426 Patent relates to non-conventional subject matter.  Except as expressly admitted, denied.

60.  Denied.

61.  Ericsson admits that KPN has submitted the quoted declaration to ETSI. Except as expressly admitted, denied.

62.  Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

63.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

**E.     U.S. Patent No. 9,667,669 B2**

64.     Ericsson admits that, on its face, U.S. Patent No. 9,557,669 ("the '669 Patent") is entitled "Managing Associated Sessions in a Network." Ericsson admits that, on its face, the '669 Patent bears a date of issuance of May 30, 2017. Ericsson is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis denies them.

65.     Denied.

66.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

67.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

68.     Denied.

69.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

70.     Denied.

71.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

72.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

73.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

74.     Denied.

75.     Ericsson admits that Paragraph 75 appears to reproduce Claim 1 of the '669 Patent, but denies that the '669 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Except as expressly admitted, denied.

76.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

77.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

78.     Ericsson admits that Paragraph 78 appears to reproduce Claim 1 of the '669 Patent, but denies that the '669 Patent describes or claims any new or nonobvious invention, improved upon any prior art, or solved or mitigated any alleged problems or addressed any alleged needs in the art.  Except as expressly admitted, denied.

79.     Denied.

80.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

81.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

82.     Denied.

83.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

84.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

85.     Ericsson is without knowledge or information sufficient to form a belief as to the truth of these allegations, at least some of which are vague and ambiguous, and therefore denies them.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Ericsson admits that KPN has submitted the quoted declaration to ETSI. Except as expressly admitted, denied.

90.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

91.     Ericsson is at present without knowledge or information sufficient to form a belief as to the truth of this allegation and therefore denies it.

## NOTICE

92.     Ericsson admits that KPN and Ericsson executed a mutual, bilateral Non-Assertion Agreement in December 2004. Ericsson admits that KPN and Ericsson executed a Voucher Agreement in December 2004. The agreements speak for themselves. Except as expressly admitted, denied.

93.     Ericsson admits that KPN and Ericsson executed an extension of the Non-Assertion Agreement through December 31, 2013. Ericsson admits that KPN and Ericsson also executed an additional Voucher Agreement. The agreements speak for themselves. Except as expressly admitted, denied.

94.     Ericsson admits that KPN and Ericsson executed an extension of the Non-Assertion Agreement through December 31, 2017. Ericsson admits that KPN and Ericsson also executed an additional Voucher Agreement. The agreements speak for themselves. Except as expressly admitted, denied.

95.     Ericsson admits that KPN and Ericsson discussed a renewal of the Non-Assertion Agreement. Except as expressly admitted, denied.

96.     Ericsson admits that Lia Gerritse emailed Gustav Brismark on January 26, 2017, and stated "Please find enclosed a letter to invite Ericsson to start the discussion about the renewal of the Non-Assertion Agreement between KPN and Ericsson, since the present agreement will expire on December 31, 2017." Except as expressly admitted, denied.

97.     Ericsson admits that Lia Gerritse attached a letter to her email, and stated she was providing a "Non-exhaustive overview of KPN Essential Patents." Except as expressly admitted, denied.

98.     Ericsson admits that the attachment titled "Overview of KPN Patents" included EP 2250835 and EP 2337403 with a parenthetical: "(Previously discussed with Ericsson)". Except as expressly admitted, denied.

99.     Ericsson admits that the attachment titled "Overview of KPN Patents" included EP 2517495. Ericsson admits that Ms. Gerritse also attached a claim chart for EP 2517495. Except as expressly admitted, denied.

100.    Ericsson admits that the attachment titled "Overview of KPN Patents" included JPN5436577. Ericsson admits that Ms. Gerritse also attached a claim chart for JPN5436577. Except as expressly admitted, denied.

101.    Ericsson admits that Ms. Gerritse's letter concluded with "we would like to suggest a meeting in Sweden." Except as expressly admitted, denied.

102.    Ericsson admits that KPN provided a presentation on November 27, 2017. Ericsson admits that the presentation includes a slide titled "Identified Patents." Ericsson admits that the slide contains a list of European patents under a column titled "Patent family," and that for each entry "Countries" and "Products" are also listed. Except as expressly admitted, denied.

103.    Ericsson admits that the November 2017 presentation also has a slide titled "5G Patent Portfolio in development." Ericsson further admits that slide lists EP 2 377 337.  Except as expressly admitted, denied.

104.    Ericsson admits that KPN provided a presentation in November 2017. Except as expressly admitted, denied.

105.    Ericsson admits that Ericsson and KPN communicated in 2018 and 2019. Except as expressly admitted, denied.

106.    Ericsson admits that Ericsson and KPN communicated in 2018 and 2019. Except as expressly admitted, denied.

107.    Ericsson admits that Ericsson made a proposal on July 3, 2019 for an extension of the parties' Non-Assertion Agreement and a renewed General Voucher Agreement. Ericsson admits that Koenraad Wuyts responded and stated "this Ericsson offer is rejected as non-FRAND." Except as expressly admitted, denied.

108.    Ericsson admits that Koenraad Wuyts emailed Andreas Tonscheidt and Olaf van der Pennen on September 19, 2019, and included an attachment he described as "An update overview of KPN's patent lists, organized per technology." Except as expressly admitted, denied.

109.    Ericsson admits that Koenraad Wuyts emailed Andreas Tonscheidt and Olaf van der Pennen on October 17, 2019, and stated that "We are sorry but KPN is not in for the below exemplified kind of bad delay tactics from Ericsson" and that "Ericsson by now is for 21,5 (twenty one and a half) months out of license from KPN." Except as expressly admitted, denied.

110.    Ericsson admits that Koenraad Wuyts and Tomas Dannelind had a scheduled call on December 12, 2019. Except as expressly admitted, denied.

111.    Ericsson admits that the parties continued to communicate in January and February of 2020, and arranged a call to discuss technical questions on February 4, 2020. During this time, the parties only discussed KPN's patents as KPN refused to discuss Ericsson's patent portfolio. Except as expressly admitted, denied.

112.    Ericsson admits that Koenraad Wuyts emailed Ericsson on March 9, 2020, and attached a presentation titled "Ericsson Settlement Offer March 2020." Ericsson admits that the

presentation includes slides titled "History" and "Identified KPN Patents." Ericsson further admits the presentation includes a slide titled "License Proposal 2018-2022." Except as expressly admitted, denied.

113.   Ericsson admits that the parties did not execute an agreement covering either parties' patents. Except as expressly admitted, denied.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. RE48,089 E

114.   Ericsson repeats and incorporates each preceding paragraph as if fully set forth herein.

115.   Denied.

116.   Denied.

117.   Ericsson admits that Claim 1 of the '089 Patent recites the language recited in Paragraph 117 of KPN's Complaint.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.    Denied.

130.    Denied.

131.    Denied.

**COUNT 2**
**INFRINGEMENT OF U.S. PATENT NO. 8,881,235 B2**

132.    Ericsson repeats and incorporates each preceding paragraph as if fully set forth herein.

133.    Denied.

134.    Denied.

135.    Ericsson admits that Claim 11 of the '235 Patent recites the language recited in Paragraph 135 of KPN's Complaint.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

## COUNT 3
### INFRINGEMENT OF U.S. PATENT NO. 9,253,637 B2

147.   Ericsson repeats and incorporates each preceding paragraph as if fully set forth herein.

148.   Denied.

149.   Denied.

150.   Ericsson admits that Claim 16 of the '637 Patent recites the language recited in Paragraph 150 of KPN's Complaint.

151.   Denied.

152.   Denied.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

## COUNT 4
### INFRINGEMENT OF U.S. PATENT NO. 9,549,426 C2

163.   Ericsson repeats and incorporates each preceding paragraph as if fully set forth herein.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

168.   Denied.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

178.   Denied.

## COUNT 5
## INFRINGEMENT OF U.S. PATENT NO. 9,667669 B2

179.   Ericsson repeats and incorporates each preceding paragraph as if fully set forth herein.

180.   Denied.

181.   Ericsson admits that Claim 1 of the '669 Patent recites the language recited in Paragraph 181 of KPN's Complaint.

182.   Denied.

183.   Denied.

184.   Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Denied.

193.    Denied.

194.    Denied.

195.    Denied.

## DEMAND FOR JURY TRIAL

196.    This is not an allegation that requires a response.

## ANSWER TO KPN'S PRAYER FOR RELIEF

Ericsson denies that KPN is entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Ericsson asserts the following defenses in response to the allegations in KPN's Complaint. In addition to the defenses described below, Ericsson reserves all rights to allege additional defenses that become known through the course of discovery or further investigation. Ericsson reserves the right to argue any defense, including as to non-infringement, invalidity, unenforceability, and/or remedy.

## FIRST DEFENSE
### (Non-Infringement)

Ericsson does not infringe and has not infringed under any theory (including directly, jointly, contributorily, or by inducement) any valid and enforceable claim of the Asserted Patents, either literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

The Asserted Patents are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE
### (Statutory Damages Limitation)

KPN's recovery for alleged infringement of the Asserted Patents, if any, is limited by Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 286, 287, and 288.

KPN's recovery for alleged infringement of the '089 and '426 Patents, if any, is limited by intervening rights under 35 U.S.C. § 252.

## FOURTH DEFENSE
### (No Equitable Relief)

KPN is not entitled to equitable relief as it has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Ericsson's actions.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

KPN's claims are barred in whole or in part by prosecution history estoppel. KPN is estopped, based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent families resulting in the Asserted Patents.

## SIXTH DEFENSE
**(Lack of Standing)**

To the extent that KPN, or any individual KPN entity, lacks all substantive rights to bring suit and to exclude others from practicing the claims of the Asserted Patents, KPN's claims are barred by a lack of standing.

## SEVENTH DEFENSE
**(No Exceptional Case)**

Ericsson has not engaged in any conduct that would make this an exceptional case that would entitle KPN to an award of attorneys' fees.

## EIGHTH DEFENSE
**(No Willful Infringement)**

KPN's claims for enhanced damages, if any, and an award of fees and costs against Ericsson have no basis in fact or law and should be denied.

## NINTH DEFENSE
**(Covenant Not to Sue, License, and/or Patent Exhaustion)**

Ericsson and KPN entered into a Non-Assertion Agreement with multiple extensions, and three Voucher Agreements, by and which Ericsson received (among other things) certain rights related to the Asserted Patents through December 31, 2017. KPN has also licensed the Asserted Patents to other manufacturers. KPN is not entitled to damages or any other remedy for Ericsson's manufacture, use, importation, or sale of products subject to the agreements with Ericsson or others.

## TENTH DEFENSE
**(FRAND Limitation)**

KPN's claims are barred, or its relief limited, by its violation of its obligation to license the Asserted Patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.

## ELEVENTH DEFENSE
**(Equitable Bars)**

KPN's claims are barred in whole or in part by the doctrine of waiver, estoppel, prosecution laches, and/or other equitable doctrines.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES OR COUNTERCLAIMS

Ericsson reserves the right to amend or supplement its Answer. Ericsson has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses or counterclaims that may become available or apparent throughout the course of this action. Ericsson continues to investigate this matter and reserves the right to amend or seek to amend this Answer to assert any additional defenses or counterclaims.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Telefonaktiebolaget LM Ericsson ("LME") and Ericsson Inc. ("Ericsson Inc.") (collectively, "Ericsson" or "Counterclaim Plaintiffs") counterclaim against Koninklijke KPN N.V. ("KPN" or "Counterclaim Defendants") and, in support of thereof allege the following:

## THE PARTIES

1.     Counterclaim Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.     Counterclaim Plaintiff Telefonaktiebolaget LM Ericsson ("LME") is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

3.     On information and belief, Counterclaim Defendant Koninklijke KPN N.V. ("KPN") is a Dutch company headquartered at Wilhelminakade 123, NL- 3072 AP, Rotterdam, The Netherlands.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

5.     This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Furthermore, an actual, substantial, and continuing justiciable controversy exists between Counterclaim Plaintiffs (collectively, "Ericsson") and KPN based on KPN having filed its claims alleging infringement of the Asserted Patents, with respect to which Ericsson requires a declaration of its rights by this Court. The controversy concerns the invalidity and non-infringement of the Asserted Patents, and the right of KPN to maintain suit for alleged infringement of the Asserted Patents.

6.     The Court has personal jurisdiction over KPN, *inter alia*, because KPN has submitted to the personal jurisdiction of this Court by filing this lawsuit.

7.     Venue is appropriate in this judicial district under 28 U.S.C. §§ 1391 and 1400 because, *inter alia*, KPN has submitted to the venue of this Court by filing its claims here.

## COUNTERCLAIM COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '089 PATENT

8.     Ericsson repeats and realleges the allegations of its answer and affirmative defenses above, and the above paragraphs of its counterclaims above as though fully set forth herein.

9.     By the filing of its claims, KPN has purported to assert a claim against Ericsson for alleged infringement of the '089 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '089 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '089 Patent.

10.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '089 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '089 Patent.

11.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '089 Patent, either literally or under the doctrine of equivalents.

12.     Furthermore, each and every claim of the '089 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created

doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

13.     Ericsson is thus entitled to a judgment finding that the '089 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '089 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 2: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '235 PATENT

14.     Ericsson repeats and realleges the allegations of its answer and affirmative defenses above, and the above paragraphs of its counterclaims above as though fully set forth herein.

15.     By the filing of its claims, KPN has purported to assert a claim against Ericsson for alleged infringement of the '235 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '235 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '235 Patent.

16.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '235 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '235 Patent.

17.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '235 Patent, either literally or under the doctrine of equivalents.

18.     Furthermore, each and every claim of the '235 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability

specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

19.     Ericsson is thus entitled to a judgment finding that the '235 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '235 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 3: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '637 PATENT

20.     Ericsson repeats and realleges the allegations of its answer and affirmative defenses above, and the above paragraphs of its counterclaims above as though fully set forth herein.

21.     By the filing of its claims, KPN has purported to assert a claim against Ericsson for alleged infringement of the '637 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '637 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '637 Patent.

22.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '637 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '637 Patent.

23.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '637 Patent, either literally or under the doctrine of equivalents.

24.     Furthermore, each and every claim of the '637 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

25.     Ericsson is thus entitled to a judgment finding that the '637 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '637 Patent is invalid and/or unenforceable.

## COUNTERCLAIM COUNT 4: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '426 PATENT

26.     Ericsson repeats and realleges the allegations of its answer and affirmative defenses above, and the above paragraphs of its counterclaims above as though fully set forth herein.

27.     By the filing of its claims, KPN has purported to assert a claim against Ericsson for alleged infringement of the '426 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '426 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '426 Patent.

28.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '426 Patent. Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '426 Patent.

29.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '426 Patent, either literally or under the doctrine of equivalents.

30.     Furthermore, each and every claim of the '426 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

31.     Ericsson is thus entitled to a judgment finding that the '426 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '426 Patent is invalid and/or unenforceable.

### COUNTERCLAIM COUNT 5: DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF THE '669 PATENT

32.     Ericsson repeats and realleges the allegations of its answer and affirmative defenses above, and the above paragraphs of its counterclaims above as though fully set forth herein.

33.     By the filing of its claims, KPN has purported to assert a claim against Ericsson for alleged infringement of the '669 Patent. Ericsson has not infringed, contributed to infringement of, or induced infringement of any valid and enforceable claim of the '089 Patent. Consequently, an actual controversy exists between the parties with respect to the infringement, validity, enforceability and scope of the '669 Patent.

34.     Ericsson has not infringed, directly or indirectly, or contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '669 Patent.

Ericsson is not liable for any infringement, literal or under the doctrine of equivalents, of the '669 Patent.

35.     Ericsson has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '699 Patent, either literally or under the doctrine of equivalents.

36.     Furthermore, each and every claim of the '699 Patent is invalid and unenforceable for failure to comply with the requirements of one or more of the conditions for patentability specified in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256, and of any other applicable statutory provision or judicially created doctrines of invalidity, including, but not limited to, obviousness-type double patenting or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

37.     Ericsson is thus entitled to a judgment finding that the '669 Patent is not infringed by Ericsson, either literally or under the doctrine of equivalents, and that Ericsson has not contributed to or induced any infringement by another. Ericsson is further entitled to declaratory judgment that each and every claim of the '669 Patent is invalid and/or unenforceable.

## EXCEPTIONAL CASE

38.     This case is an exceptional case entitling Ericsson to an award of its reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, KPN's assertion of its Asserted Patents against Ericsson with the knowledge that the Asserted Patents are invalid and unenforceable.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in its favor and:

A.    enter an order dismissing KPN's Complaint in its entirety with prejudice;

B.    enter judgment declaring that Ericsson has not and does not infringe any asserted claim of any of the Asserted Patents under any theory;

C.    enter judgment declaring that each and every claim of KPN's Asserted Patents is invalid and unenforceable;

D.    enter judgment that KPN takes nothing by way of its Complaint;

E.    award Ericsson its attorneys' fees and costs; and

F.    award Ericsson such other and further relief as this Court may deem just and proper.

Dated July 26, 2021

/s/ *Nicholas Mathews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Alexander J. Chern
Texas State Bar No. 24109718
achern@McKoolSmith.com
Carson D. Young
Texas State Bar No. 24106613
cyoung@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (903) 923-9001
Telecopier: (903) 923-9099

Theodore Stevenson, III (Lead Counsel)
Texas State Bar No. 19196650
ted.stevenson@alston.com
**ALSTON & BIRD LLP**
2200 Ross Avenue Suite 2300
Dallas, TX 75201
Tel. 214-922-3400
Fax 214-922-3899

Douglas M. Kubehl
Texas State Bar No. 00796909
Doug.Kubehl@bakerbotts.com
Jeffery S. Becker
Texas State Bar No. 24069354
Jeff.Becker@bakerbotts.com
Harrison G. Rich
Texas State Bar No. 24083730
Harrison.Rich@bakerbotts.com
Melissa L. Muenks
Texas State Bar No. 24097442
Melissa.Muenks@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

**ATTORNEYS FOR DEFENDANTS
TELEFONAKTIEBOLAGET LM
ERICSSON AND ERICSSON INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been

served on all counsel of record via the Court's ECF system on July 26, 2021.

/s/ *Nicholas Mathews*
Nicholas Mathews