**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KONINKLIJKE KPN N.V.,<br><br>Plaintiff,<br><br>vs.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC.,<br><br>Defendants. | Case No. 2:21-cv-113<br><br>JURY TRIAL DEMANDED |

**KPN'S PARTIAL MOTION FOR SUMMARY JUDGMENT AND/OR TO STRIKE
EXPERT OPINIONS REGARDING ERICSSON'S FRAND DEFENSE**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**Table of Contents**

I.    Statement of the Issues ................................................................................................ 2

II.   Statement of Undisputed Material Facts .................................................................... 2

III.  Legal Standard ............................................................................................................ 5

IV.  Argument .................................................................................................................... 6

      A.    The Court Should Strike the FRAND Opinions of Jeffay and Wicker ............ 6

      B.    Ericsson Cannot Prove Its FRAND Defense as a Matter Of Law .................... 9

V.   CONCLUSION ......................................................................................................... 12

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
    No. 2:13-CV-1112-JRG, 2015 WL 11089750 (E.D. Tex. Aug. 10, 2015)................................6

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)..............................................................................................5, 7, 8, 9

*Gen. Star Indem. Co. v. Sherry Brooke Revocable Tr.*,
    243 F. Supp. 2d 605 (W.D. Tex. 2001)..................................................................................8

*In re Innovatio IP Ventures, LLC Patent Litig.*,
    956 F. Supp. 2d 925 (N.D. Ill. 2013) ................................................................................9, 10

*Intel Corp. v. Future Link Sys., LLC*,
    268 F. Supp. 3d 605 (D. Del. 2017)......................................................................................12

*Johnson v. Arkema, Inc.*,
    685 F.3d 452 (5th Cir. 2012) ..................................................................................................5

*Koninklijke KPN N.V. v. Sierra Wireless, Inc.*,
    No. CV 17-90-LPS, 2020 WL 1891454 (D. Del. Apr. 16, 2020).....................................1, 10

*Mugworld, Inc. v. G.G. Marck & Associates, Inc.*,
    No. 405CV441, 2007 WL 2446533 (E.D. Tex. Aug. 23, 2007)..............................................8

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
    No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237 (E.D. Tex. Feb. 20, 2021)..........................8

*Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*,
    No. 2:15-CV-512-WCB, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ............................1, 8

*Stockton E. Water Dist. v. United States*,
    583 F.3d 1344 (Fed. Cir. 2009)..............................................................................................9

*TQ Delta, LLC v. ADTRAN, Inc.*,
    No. CV 14-954-RGA, 2021 WL 3633637 (D. Del. Aug. 17, 2021).......................................9

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011)..............................................................................................5

**Rules**

Fed. R. Civ. P. 56(a) .....................................................................................................................6

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Plaintiff Koninklijke KPN N.V. ("KPN") respectfully moves the Court to strike the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ of Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc.'s ("Ericsson") technical experts, Dr. Jeffay and Dr. Wicker. Further, KPN asks the Court to grant KPN summary judgment on Ericsson's related FRAND affirmative defense.

KPN is entitled to the relief it seeks for at least two reasons. *First*, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Not only is that improper, but this court has cautioned against "the danger of allowing an expert to simply summarize evidence provided to the expert by the party that retained him"—explaining that "[c]ourts have regularly barred experts from testifying in that manner." *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 1319553, at *9-10 (E.D. Tex. Apr. 10, 2017) (citing cases).

*Second*, regardless of the impropriety of Jeffay and Wicker's opinions, KPN is entitled to summary judgment because Ericsson cannot meet its threshold burden to show that any of the three remaining asserted patents actually are "ESSENTIAL"—the contractual prerequisite to their ETSI-based FRAND defense. As courts have held, ETSI-based claims requires an objective showing of essentiality as to each claim limitation at issue. *Koninklijke KPN N.V. v. Sierra Wireless, Inc.*, No. CV 17-90-LPS, 2020 WL 1891454, at *4 (D. Del. Apr. 16, 2020) (stating that relying on "KPN's untested belief (at particular times) that it owned a standard-essential patent" is not enough to prove a patent is ESSENTIAL). And here, Ericsson makes no attempt to meet that burden. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art

generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing" KPN's patents. Ex. 5 (ETSI IPR Policy) at 48 (defining "ESSENTIAL").

Because these flaws are dispositive, the Court should grant KPN's motion.

**I.      Statement of the Issues**

1. Whether the ▮▮▮▮▮▮▮▮▮▮▮▮ of Ericsson's technical experts should be struck?

2. Whether Ericsson may argue to the jury that any of the asserted patents are standard-essential where it has no objective evidence of essentiality?

**II.     Statement of Undisputed Material Facts**

1. KPN is asserting only three patents in this action: U.S. Patent Nos. 8,881,235, 9,253,637, RE48,089. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



▮▮▮▮. Ex. 1 (Gerritse Tr.) at 16:17-24 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" (emphasis added)).

2. KPN submitted an essentiality declaration to ETSI for each patent. Ex. 2 ('235 Declaration); Ex. 3 ('637 Declaration); Ex. 4 ('089 Declaration).

3. In those declarations, KPN did not make an unconditional commitment to license each patent on FRAND terms. Rather, as depicted below, KPN said in each that it was "prepared to grant" licenses on FRAND terms only "to the extent" that such IPR(s) "become, and remain ESSENTIAL in respect of the ETSI Work Item, STANDARD and/or TECHNICAL SPECIFICATION identified in the attached IPR Information Statement Annex." *E.g.*, Ex. 2 at 1.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

> **IPR LICENSING DECLARATION**
> In accordance with Clause 6.1 of the ETSI IPR Policy the Declarant and/or its AFFILIATES hereby irrevocably declares the following *(check one box only, and subordinate box, where applicable):*
>
> ☑  To the extent that the IPR(s) disclosed in the attached *IPR Information Statement Annex* are or become, and remain ESSENTIAL in respect of the ETSI Work Item, STANDARD and/or TECHNICAL SPECIFICATION identified in the attached *IPR Information Statement Annex*, the Declarant and/or its AFFILIATES are (1) prepared to grant irrevocable licences under this/these IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy; and (2) will comply with Clause 6.1 bis of the ETSI IPR Policy.

4. The ETSI IPR Policy defines ESSENTIAL to require that it "is not possible on technical (but not commercial) grounds, taking into account normal technical practice and the state of the art generally available at the time of standardization, to make, sell, lease, otherwise dispose of, repair, use or operate EQUIPMENT or METHODS which comply with a STANDARD without infringing that IPR." Ex. 5 (ETSI IPR Policy) at 48 (defining "ESSENTIAL").

5. In its Answer, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Dkt. 24 at 23.

6. KPN promptly served an interrogatory requesting that Ericsson identify the "factual and legal basis for" its contention of any requirement that the asserted patents be licensed on FRAND terms. Ex. 6 (Ericsson Seventh Am. Resp. to 1st ROGs) at 52. Ericsson responded ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7. One of Ericsson's experts, Jeffay, has opined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Ex. 7 (Jeffay Report) ¶ 423.

8. In support of this opinion, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

██████████████████████████████████████████████████████████████

██████████. *Id.* ¶¶ 416-418. ████████████████████████████████

██████████████████████████████████████████████████████████████ *Id.*

¶¶ 417, 419-423. ████████████████████████████████████████████

████████████████████████. *Id.* at ¶ 419 ██████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████" (emphasis added)).

9.  Another of Ericsson's experts, Wicker, opined that ██████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████." Ex. 8

(Wicker Report) ¶ 193. ████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████ *Id.* ¶ 680.

10. In support of this opinion, ██████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████. *Id.* ¶¶ 193-196, 680-683.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

4

██████████████████████████████████████. *Id.* ¶¶ 194-195, 681-682. ██████

██████████████████████████████████████████████████████

████. *Id.* at ¶¶ 193, 680.

11.   Notably, the cursory nature of Wicker's approach is demonstrated by █████



*Id.* ¶ 681.

### III.   Legal Standard

In permitting expert testimony, the district court must exercise its "gatekeeper" function in ensuring that scientific testimony is relevant and reliable under *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993). *Uniloc USA, Inc. v. Microsoft Corp.,* 632 F.3d 1292, 1306 (Fed. Cir. 2011). "The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.,* 685 F.3d 452, 459 (5th Cir. 2012) (citation omitted). "The reliability prong mandates that expert opinion 'be grounded in the methods and procedures of science and ... be more than unsupported speculation or subjective belief.'" *Id.*

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

In addition, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment." *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 11089750, at *1 (E.D. Tex. Aug. 10, 2015).

IV.   **Argument**

    A.   **The Court Should Strike the FRAND Opinions of Jeffay and Wicker**.

Ericsson's FRAND-related expert "opinions" all follow the same model. ██████ ██████ ██████ ██████ ██████ *Compare* Ex. 7 (Jeffay Report) ¶¶ 416-423, *and* Ex. 8 (Wicker Report) ¶¶ 193-196, 680-683, *with* Ex. 5 (ETSI IPR Policy) at 48 (██████ ██████ ██████ ██████").

For example, in his report, ██████ ██████ ██████ ██████

6

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**



." *Id.* ¶¶ 417, 419-423.

In other words, his opinion boils down to

*Id.* at ¶ 419

." (emphasis added)). Jeffay does

.

Wicker's opinion is                . Like Jeffay,

. Ex. 8 ¶¶ 193-196, 680-683.

. *Id.* at ¶¶ 193, 680.

Such approaches do not pass *Daubert* muster. Certainly, "denominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions

in the case and then testify as to their contents." *Robroy*, 2017 WL 1319553, at *9. As the court explained, "the danger of allowing an expert to simply summarize evidence provided to the expert by the party that retained him is, of course, that the expert will become a vehicle through whom the party can summarize its case for the jury, with the imprimatur of the expert's asserted 'expertise.' Courts have regularly barred experts from testifying in that manner." *Id*. at *10.

Similarly, even if Jeffay and Wicker ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See Gen. Star Indem. Co. v. Sherry Brooke Revocable Tr.*, 243 F. Supp. 2d 605, 626 (W.D. Tex. 2001). As courts have recognized, "[t]he *Daubert* analysis focuses on the reasoning or methodology employed by the expert, not the ultimate conclusion." *Mugworld, Inc. v. G.G. Marck & Associates, Inc.*, No. 405CV441, 2007 WL 2446533, at *3 (E.D. Tex. Aug. 23, 2007). As such, "[c]onclusory opinions by designated experts lack the requisite evidentiary reliability mandated by Rule 702 because they fail to set forth a discernable methodology." *Gen. Star*, 243 F. Supp. 2d at 626; *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237, at *7 (E.D. Tex. Feb. 20, 2021) (striking opinion because "[m]erely stating a conclusory assumption not predicated on evidence is inadmissible").

Indeed, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆:





Ex. 6 ¶ 681. *Daubert* requires more.

Because Jeffay and Wicker ███████████████████████████

████████████████████████████████████████████████████████

████████, the Court should strike ¶¶ 416-423 of Jeffay's initial report (Ex. 7) and ¶¶ 193-196 and ¶¶ 680-683 of Wicker's invalidity report (Ex. 8).

  **B.**  **Ericsson Cannot Prove Its FRAND Defense as a Matter Of Law**.

Ericsson bears the burden to prove its FRAND defense, including by proving that each patent was and remains ESSENTIAL as that term is defined by ETSI. *TQ Delta, LLC v. ADTRAN, Inc.*, No. CV 14-954-RGA, 2021 WL 3633637, at *3 (D. Del. Aug. 17, 2021) (noting it was "accurate statement of the law" that accused infringer had burden to establish whether "each element of a claim is standard-essential for purposes of any FRAND obligation."); *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F. Supp. 2d 925, 936 (N.D. Ill. 2013) ("Defendants as the accused infringers should bear the burden of demonstrating the existence of a RAND obligation that limits their damages if they are found to infringe."); *see also Stockton E. Water Dist. v. United States*, 583 F.3d 1344, 1360 (Fed. Cir. 2009), *on reh'g in part*, 638 F.3d 781 (Fed. Cir. 2011) ("The proponent of the affirmative defense must prove all elements of the defense."). As a matter of law, Ericsson cannot meet its burden here for three reasons.

*First*, ████████████████████████████████████████████████

███████. As explained above, ███████████████████████████████████████████████████████████████████████████. But as courts have held, a patent holder's assertions or belief that its patent is or may be essential is not enough to prove essentiality and thus not enough to avoid summary judgment on this issue:

> Defendants point to evidence that Plaintiffs have believed their patents are standard-essential. (*See, e.g.* D.I. 269 Exs. 25-32; D.I. 274 Ex. G at 166, Ex. H at 170, Ex. I at 277-86) But essentiality depends on objective findings, i.e., whether practicing the relevant standard *in fact* infringes the asserted patents and whether non-infringing alternatives *in fact* exist. *See Intel Corp.*, 268 F. Supp. 3d at 610-12. Pointing to Plaintiffs' beliefs on these points (even accepting Defendants have done so) is insufficient to meet Defendants' burden.

*3G Licensing S.A. v. BlackBerry Limited*, No. 17-82-LPS, Memorandum Opinion, D.I. 326 at 7 (D. Del. Sept. 29, 2020) (attached as Exhibit 9).

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

█████ *Id*. As one court held after considering similar KPN statements and claim charts to those Ericsson relies upon here, "[n]o reasonable factfinder could conclude from just these e-mails and deposition testimony that the … Patent is essential and a contractual obligation followed; the e-mails and testimony merely reflect KPN's untested belief (at particular times) that it owned a standard-essential patent." *Koninklijke KPN*, 2020 WL 1891454, at *4.

Other courts have reached the same conclusion. *In re Innovatio IP Ventures, LLC Patent Litig.*, 956 F. Supp. 2d 925, 940-41 (N.D. Ill. 2013) ("Innovatio's mere reliance on portions of the 802.11 standard in its infringement contentions for a claim does not necessarily require that the claim be standard-essential."); *id*. at 941 ("Rather than deciding standard-essentiality on the basis

10

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

of Innovatio's litigation position with respect to infringement, the court will examine the merits of the question by evaluating the technical content of each category of claims in relation to the 802.11 standard."). For this reason alone, summary judgment is warranted.

*Second*, at least as to the '637 Patent, Dr. Wicker ▮▮▮▮ Ex. 6 ¶ 681. ▮▮▮▮



*Id.* ¶ 681. That plainly is not enough. Moreover, Ericsson ▮▮▮▮. For this reason as well, Ericson's FRAND defense fails.

*Third*, even if Jeffay and Wicker had performed the necessary analysis ▮▮▮▮, they indisputably did not ▮▮▮▮

▮▮▮▮." Ex. 5 (ETSI IPR Policy) at 48 (defining "ESSENTIAL").

These simple facts bear repeating. Per the plain terms of the ETSI IPR Policy, to prove that

11

a patent is ESSENTIAL Ericsson thus must show that no technical non-infringing alternatives existed. *Id.* ▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆. That is fatal. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆,

they cannot satisfy their summary judgment burden as a matter of law.[1] *Intel Corp. v. Future Link Sys., LLC*, 268 F. Supp. 3d 605, 612 (D. Del. 2017) (granting summary judgment to patent holder on Intel's FRAND defense where "Intel's technical experts failed to consider whether non-infringing implementations existed").

In sum, here Ericsson cannot meet its FRAND burden to show that any of the asserted patents are ESSENTIAL because its experts (1) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ or (2) ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆—the two prerequisites for a patent actually being ESSENTIAL. For either reason, Ericsson thus cannot show that KPN was under any obligation to be "prepared to grant" licenses on FRAND terms because such obligation applies only "to the extent" that such IPR(s) "become, and remain ESSENTIAL in respect of the ETSI Work Item, STANDARD and/or TECHNICAL SPECIFICATION identified in the attached IPR Information Statement Annex." *E.g.*, Ex. 1 at 1. Ericsson's FRAND defense thus fails as a matter of law.

## V. CONCLUSION

The Court should grant summary judgment in KPN's favor on Ericsson's FRAND defense. Further, the Court should strike ¶¶ 416-423 of Jeffay's initial report (Ex. 5) and ¶¶ 193-196 and ¶¶ 680-683 of Wicker's initial report (Ex. 6).

---

[1] Indeed, Ericsson did the opposite. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. Ex. 10 ¶¶ 424-426.

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

Dated: May 16, 2022  Respectfully submitted,

/s/ *Andres C. Healy*
Lexie G. White
Texas State Bar No. 24048876
lwhite@susmangodfrey.com
Adam Tisdall
Texas State Bar No. 24106885
atisdall@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
Fax: (713) 654-6666

Andres C. Healy
Washington State Bar No. 45578
ahealy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Phone: (206) 516-3880
Fax: (206) 516-3883

Tamar Lusztig
New York State Bar No. 5125174
tlusztig@susmangodfrey.com
Russell F. Rennie
New York State Bar No. 5650536
rrennie@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: (212) 336-8330
Fax: (212) 336-8341

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606
Phone: (903) 757-6400
Fax: (903) 757-2323

**ATTORNEYS FOR
KONINKLIJKE KPN N.V.**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Andres C. Healy*
Andres C. Healy

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties have conferred on May 16, 2022, about this motion and that counsel for Defendants are opposed to this motion.

*/s/ Adam Tisdall*
Adam Tisdall

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on May 16, 2022.

*/s/ Andres C. Healy*
Andres C. Healy