**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| KONINKLIJKE KPN N.V., | Case No. 2:21-cv-113 |
| Plaintiff, | |
| vs. | JURY TRIAL DEMANDED |
| TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON INC., | |
| Defendants. | |

**KPN'S MOTION TO STRIKE PORTIONS OF
THE EXPERT REPORTS OF WICKER AND SALTERS**

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

## Table of Contents

I.     Introduction ..................................................................................................................1

II.    Legal Standard ............................................................................................................1

III.   Argument .....................................................................................................................1

     A.    Wicker's opinions on apportionment and MDT usage are unsupported and should be struck....................................................................................1

     B.    The Court should exclude Salters' unsupported damages opinions. ......................3

          1.    Salters fails to address significant differences between prior KPN-Ericsson agreements and the hypothetical license............................4

          2.    Salters' model based on third party licenses is unreliable. .......................11

          3.    Salters' "apportionment for the patented feature" relies on unsupported and flawed assumptions. ........................................................13

          4.    Salters' attempt to revise KPN expert Michael Wagner's damages calculations should be excluded...................................................15

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Albritton v. Acclarent, Inc.*,
　No. 3:16-CV-03340-M, 2020 WL 11627275 (N.D. Tex. Feb. 28, 2020)................................9

*Apple Inc. v. Wi-LAN Inc.*,
　25 F.4th 960 (Fed. Cir 2022) ....................................................................................................8

*Bayer HealthCare LLC v. Baxalta Inc.*,
　No. 16-CV-1122-RGA, 2019 WL 330149 (D. Del. Jan. 25, 2019)....................................13, 14

*Biscotti v. Microsoft Corp.*,
　No. 2:13-cv-01015-JRG-RSP, 2017 WL 2607882 (E.D. Tex. July 27, 2020) .................5, 6, 7

*Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys., Inc.*,
　809 F.3d 1295 (Fed. Cir. 2015)..................................................................................................1

*Daubert v. Merrell Dow Pharm., Inc.*,
　509 U.S. 579 (1993)....................................................................................................1, 4, 7, 11

*Douglas Dynamics, LLC v. Buyers Prods. Co.*,
　717 F.3d 1336 (Fed. Cir. 2013)..................................................................................................9

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
　No. 6:11-CV-00201-JRG, 2017 WL 1322550 (E.D. Tex. Apr. 6, 2017) ..................................2

*Johnson v. Arkema, Inc.*,
　685 F.3d 452 (5th Cir. 2012) .....................................................................................................1

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
　694 F.3d 51 (Fed.Cir.2012).......................................................................................................8

*M2M Sols. LLC v. Motorola Sols., Inc.*,
　No. CV 12-33-RGA, 2016 WL 767900 (D. Del. Feb. 25, 2016) ..............................................7

*MLC Intellectual Property, LLC v. Micron Technology, Inc.*,
　10 F.4th 1358 (Fed. Cir. 2021) ..................................................................................................9

*Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*,
　No. 2:15-CV-512-WCB, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ..................................2

*SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*,
　396 F. Supp. 3d 323 (S.D.N.Y. 2019),.......................................................................................9

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

*TASER Int'l, Inc. v. Karbon Arms, LLC*,
   No. CV 11-426-RGA, 2013 WL 6773663 (D. Del. Dec. 19, 2013) ......................................11

*ThinkOptics, Inc. v. Nintendo of America, Inc.*,
   2014 WL 2859578, NO. 6:11–CV–455 (E.D. Tex. June 21, 2014) ......................................14

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)..............................................................................................1

*Watkins v. Telsmith, Inc.*,
   121 F.3d 984 (5th Cir. 1997) ..................................................................................................3

**Statutes**

35 U.S.C. § 284..................................................................................................................................8

**Other Authorities**

Rule 702 ..................................................................................................................................3, 4, 11

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

## I.      Introduction

KPN moves to strike certain opinions disclosed by Ericsson experts Dr. Stephen Wicker and Ambreen Salters as unreliable and misleading.  In his infringement rebuttal report, Wicker offers ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████g. Salters, in turn, ████████ ██████████████████████████████████████████. Additionally, Salters ███████ █████████████████, █████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████

## II.     Legal Standard

"The relevance prong [of *Daubert*] requires the proponent [of the expert testimony] to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (citation omitted). "The reliability prong mandates that expert opinion 'be grounded in the methods and procedures of science and ... be more than unsupported speculation or subjective belief.'" *Id.*

## III.    Argument

### A.      Wicker's opinions on ████████████████████████ are unsupported and should be struck.

Wicker offers two categories of opinions that are unreliable and should be excluded.

***First***, Wicker purports to opine on how to ████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████ Ex. 1 ¶¶ 570-620. He addresses ████████████████ ████████████████████████████████████████████████████E. Yet Wicker did

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

not ███████████████████████████████████████████████

███████████████████████ (*id.* ¶ 582):

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

*See also id.* ¶¶ 595, 601, 615, 620 (███████████████████████████
███████████).

Wicker's █████████████████████████████████████████
███████████████████████████████████ *Robroy Indus.-Tex.,*

*LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 1319553, at *9 (E.D. Tex. Apr.

10, 2017) (noting that "denominating a witness as an expert does not give that witness leave to

simply read materials such as exhibits and depositions in the case and then testify as to their

contents");[1] *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL

1322550, at *6 (E.D. Tex. Apr. 6, 2017) ("approaches to apportionment" that rely on "arbitrary

divisions based on the number of claims, process steps, or contact holes without any connection to

the economic demand for the claimed technology" do not "pass muster under Rule 702").  Indeed,

this Court has recently concluded as much:

> However, assuming arguendo that each patent of the fifty Apple DRM patents were
> practiced in the FairPlay functionality at the time of infringement, ***Mr. Thomas***
> ***cannot assume that each patent has equal value***. The exercise of performing an
> apportionment analysis is to separate the specific value of the patents-in-suit using
> reliable known methods. It would be unscientific to make a conclusory assumption
> that each patent has equal value. Indeed, not all patents are created equal.

---

[1] The *Robroy* order ultimately struck portions of testimony from Salters (the same Ericsson expert
discussed below) regarding causation.

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

*Personalized Media Communications, LLC v. Apple, Inc.*, No. 215CV01366JRGRSP, 2021 WL 662237, at \*7 (E.D. Tex. Feb. 20, 2021) (emphasis added) (citations omitted).

***Second***,  Wicker ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████. Ex. 1 ¶ 265.  Nothing

in  ███████████████ ██████████████████████████████████

██████████████████████████████. *See id.* ¶¶ 5-7. Further, ████████

████████████████████████████████████████████████████████

███████████████████████

In short, as demonstrated by his own report, Wicker ██████████████. It thus should be excluded. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 992 (5th Cir. 1997) ("Where an expert bases his opinion in part on his experience with similar machines, we cannot fault the court for demanding a more detailed recollection of the expert's review and understanding of similar machines than was reported by [the expert].").

The Court should exclude Wicker's opinions in ¶¶ 265, 582, 595, 601, 615, and 620 of his report.

**B.      The Court should exclude Salters' unsupported damages opinions.**

████████  ████████████  Ericsson  damages  expert  Ambreen  Salters  offers  ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

Salters fails to ██████████████████████, ███████████████

███████████████. As explained further below, the Court should exclude these opinions

under *Daubert* and Rule 702.

1.     Salters fails to ██████████████████

To support her royalty rate of a ███████ per year total for all the patents in suit,

Salters relies heavily on ███████████████████████████

████████████████████████████.

Salters ██████████████████████, rendering her opinion about

them infirm.

In 2004, ████████████████████████ Ex. 2 ¶ 45,

████████████████████████

██████████████████████. *Id.* █████████

████████████████████████

████████████████. *Id.* █████████

████████████████s. *See id.*

████████████████████

██████████████. *See* Ex. 2 ¶¶ 49-51. █████

████████████████████████

██████████████████. *See id.* ¶¶ 52-58.

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER



. *Id.* ¶ 63.

. The Court should exclude them.

 This Court has previously excluded Salters' opinions under similar circumstances. In *Biscotti v. Microsoft Corp.*, Salters (testifying for the defendant) relied on two HDMI licenses for her damages analysis. No. 2:13-cv-01015-JRG-RSP, 2017 WL 2607882, at *3 (E.D. Tex. July 27, 2020). But neither Salters nor Microsoft's technical expert opined on the technical comparability of these licenses. *Id.* Salters also "fail[ed] to account for (or even address) the fact that the HDMI licenses [we]re to patents alleged to cover a standard, which subjects the patents to RAND obligations" that require a "difference in application of the *Georgia-Pacific* factors." *Id.* At *4.

---

2 ." Ex. 3 ¶ 18.

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

Salters' failure to even attempt to account for this significant economic difference "warrant[ed] exclusion." *Id.*

The same result is required here. The ███████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ :

███████████████████████████████████████████████████████████

████████████████████ . As discussed in *Biscotti*, licenses to standard essential patents reflect important economic differences that must be accounted for when using them to analyze a hypothetical negotiation over patents that have not been proven to be FRAND-encumbered. *Id.*

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ . *Compare* Ex. 2 ¶ 50 ███████

████████████████ ███ ████████████████ ),   *with*   Ex.   5

( ████████████ ) at 2 ( ███████████████████████████████████

TS 21.299) and Ex. 6 (KPN-ERICSSON_00045405) ( ████████████████

████████████████ ). ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████

Salters ignores ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████ . *See*

*generally* Ex. 2. This renders her reliance on ████████████████ and offers fundamentally

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

unreliable and speculative, warranting exclusion. *See Biscotti*, 2017 WL 2607882, at *4; *M2M Sols. LLC v. Motorola Sols., Inc.*, No. CV 12-33-RGA, 2016 WL 767900, at *8 (D. Del. Feb. 25, 2016) ("Mr. Donohoe has failed to show how these two large, worldwide, standard-essential, FRAND patent portfolios are economically comparable to a license that the parties would have negotiated for a single asserted patent.").

*See* Ex. 3 at 3.1; Ex. 7; Ex. 8 at KPN-Ericsson_00053172; Ex. 9 at KPN-Ericsson_00053183.

to KPN. *See* Ex. 2 ¶¶ 50, 59. Her reason for doing so does not survive *Daubert* scrutiny.

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

████████████████████████ Ex. 2 ¶ 59. As a result, her opinion is unreliable. *See Apple Inc. v. Wi-LAN Inc.*, 25 F.4th 960 (Fed. Cir 2022) (expert's reliance on =agreements as comparable should be stricken where expert failed to reliably address the extent to which "other patents" licensed in the agreement "contributed to the royalty rate").

████████████████████████████████████████████████████

██████████████████████████████. ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████ " Ex. 2 ¶ 60.

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ *Id.* ¶ 61.

Salters' approach is inconsistent with 35 U.S.C. § 284, which provides that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer…" In other words, patent damages are to compensate the patent owner. ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████ *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 76 (Fed.Cir.2012) (the hypothetical negotiation "seeks to discern the value of the patented technologies to the parties <u>in the marketplace</u>" (emphasis added)). The court cannot award ████████████████ : ████

████████████████████████████

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

This opinion should be stricken under bedrock patent law. For example, in *Albritton v. Acclarent, Inc.*, the defendant's expert's "cost-based apportionment analysis" was excluded as unreliable because the value of "the patented functionality" is derived from its "contribution to the larger operation of the device as a whole," and "[t]here is little, if any, connection between that function and the pure cost of the component." No. 3:16-CV-03340-M, 2020 WL 11627275, at *11 (N.D. Tex. Feb. 28, 2020); *see MLC Intellectual Property, LLC v. Micron Technology, Inc.*, 10 F.4th 1358 (Fed. Cir. 2021) (affirming exclusion of damages opinion that "goes well beyond what the [purportedly comparable] clause implies and is incompatible with the [ ] agreement as a whole"); *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1346 (Fed. Cir. 2013) ("[A]n infringer's net profit margin is not the ceiling by which a reasonable royalty is capped."); *SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 396 F. Supp. 3d 323, 344 (S.D.N.Y. 2019), *modified in part*, No. 18-CV-5427 (JSR), 2019 WL 7816487 (S.D.N.Y. Dec. 11, 2019), *clarified on denial of reconsideration*, No. 18-CV-5427 (JSR), 2020 WL 498200 (S.D.N.Y. Jan. 22, 2020) (exclusion of defendant's damages opinion warranted where expert improperly "started from net profits").



." Ex. 2 ¶ 63.

, Ex. 2 ¶ 37, it is hard to understand Wicker's opinion.

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**



." Ex. 2 ¶ 63. As explained above,

. *See supra* pp. 2-3.

. *See* Ex. 2 ¶¶ 45, 52, 54, 56

); *see also* Ex. 3 at 2

[3]

, Ex.

---

[3] In fact, in direct contravention of hornbook patent law,

. *See infra* pp. 13-14.

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

2 ¶ 61, ████████████████████████████████████████, *id.* ¶ 62, ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████" *id.* ¶ 63.

████████████████████████████. *See TASER Int'l, Inc. v. Karbon Arms, LLC*, No. CV

11-426-RGA, 2013 WL 6773663, at *1 (D. Del. Dec. 19, 2013) ("Mr. Gallagher offers almost no

basis as to how he arrived at his royalty rate other than that he considered the above numbers and

factors. This is the quintessential *ipse dixit* justification. Mr. Gallagher's reasonable royalty

analysis is not based on any reliable methodology, and therefore fails *Daubert* and is excluded

under Fed. R. Evid. 702.").

　　　　As explained above, Salters' ████████████████████████████

████████████████████████████████████████████████████████

████████████████. The Court should exclude at least Salters' opinions expressed in

paragraphs 59 through 63, 91, and 120 of her report.

　　　　2.　　████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████. *See* Ex. 10 (Nokia Agreement) ¶ 1.01 (granting Nokia a

████████████████████████████████████); Ex. 11 (Huawei Agreement) ¶ 2.1

(same); Ex. 12 (ZTE Agreement) ¶ 2.1 (same); *see also supra* pp. 6-7 (████████████

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

███████████████████████████████████████████████

███████████████ ).

***Second***, ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████. Ex. 2 ¶¶ 69, 78, 82. █████████

█████████████████████████████

***Third***, ████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████. Ex. 2 ¶ 68. ████████████████

████████████████████████████████████████████████

███████████, *see supra* pp. 8-9, ███████████████████████

████████████████████████████████████████████████

████. *See* Ex. 2 ¶ 68, p. 73 (StoneTurn Workpaper 6).

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████.” *See id.* ¶ 79 & n. 170. ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████. *Id.* ¶ 83.

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

*Fourth*, and finally, ███████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████ *See, e.g.*, Ex. 10 at 3; Ex. 11 at 2. This alone is reason to exclude her opinions. *See supra* pp. 9-10.

The Court should exclude Salters' opinions expressed in ¶¶ 68, 69, 78, 79, 82, 83, 85, 86, 91, and 120 of her report.

3.     Salters' ████████████████████████████████████████
       ████████████████

As an alternative model, ████████████████████████████████████

████████████████████████████████████████. Ex. 2 ¶ 111. ████████

███████████████████████████████████████████████████████████████

█████████████████████████ *Id.* ███████████████████████████████

██████████████████████████████████

       ████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████. *Id.* ¶ 112.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████ *see, e.g.*, Ex. 13 at Claim 1, ███████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████ *Bayer HealthCare LLC v. Baxalta Inc.*, No. 16-CV-1122-RGA, 2019 WL 330149, at *3 (D. Del. Jan. 25, 2019).

13

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER



*See* Ex. 2 ¶¶ 27, 29, 32, 113; *see also id.* at p. 67 (StoneTurn Exhibit 2).

*see* Ex. 13

*See ThinkOptics, Inc. v. Nintendo of America, Inc.*, 2014 WL 2859578, NO. 6:11–CV–455, (E.D. Tex. June 21, 2014) ("Since the royalty base in Professor Slottje's report excludes the value of claimed elements, it does not 'carefully tie proof of damages to the claimed invention's footprint in the market place.'" (quoting *LaserDynamics*, 694 F.3d at 67)).

Ex. 2 ¶¶ 113-14. This violates well-established law. *See supra* pp. 8-9 (discussing cases).

Finally,

. Ex. 2 ¶ 115. On this basis,

, *see* Ex. 14 ¶¶ 2.1-2.4—

Salters does not try to explain this, and                               should be stricken.

The Court should exclude Salters' opinions expressed in ¶¶ 27, 29, 32, as well as 112 through 115, of her report.

14

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

4.    Salters' attempt to 

In the guise of rebutting KPN Damages expert Michael Wagner, Salters offers a fourth and final damages model. It is unreliable for the same reasons as her affirmative opinions, and should also be excluded.[4]



. *See supra* pp. 9-10.

. Ex. 2 ¶ 136.

." *Id.* ¶ 136 & n. 259; p. 70 (StoneTurn Exhibit 3).

*See id.* ¶¶ 127-33.

Salters' model based ⬛⬛⬛ should be excluded. The Court should strike her opinions in ¶ 136.

* * *

For the reasons stated above, KPN respectfully requests the Court exclude Wicker's opinions expressed in ¶¶ 265, 582, 595, 601, 615, and 620 of his report, and Salters' opinions expressed in ¶¶ 27, 29, 32, 59-63, 68, 69, 78, 79, 82, 83, 85, 86, 91, 112-15, 120, and 136 of her report.

---

[4] Salters may, of course, testify about her disclosed criticisms of Wagner to the jury. But she may not use those criticisms to attempt to support an unfounded and unreliable revision of Wagner's model.

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

Dated: May 16, 2022

Respectfully submitted,

/s/ Andres C. Healy
Lexie G. White
Texas State Bar No. 24048876
lwhite@susmangodfrey.com
Adam Tisdall
Texas State Bar No. 24106885
atisdall@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Phone: (713) 651-9366
Fax: (713) 654-6666

Andres C. Healy
Washington State Bar No. 45578
ahealy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Phone: (206) 516-3880
Fax: (206) 516-3883

Tamar Lusztig
New York State Bar No. 5125174
tlusztig@susmangodfrey.com
Russell F. Rennie
New York State Bar No. 5650536
rrennie@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Phone: (212) 336-8330
Fax: (212) 336-8341

T. John Ward, Jr.
Texas State Bar No. 00794818
jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
claire@wsfirm.com
**WARD, SMITH & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606
Phone: (903) 757-6400

FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER

Fax: (903) 757-2323

**ATTORNEYS FOR KONINKLIJKE KPN N.V.**

**FILED UNDER SEAL PERSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Adam Tisdall*
Adam Tisdall

**CERTIFICATE OF CONFERENCE**

I hereby certify that the parties have conferred on May 16, 2022, about this motion and that counsel for Defendants are opposed to this motion.

*/s/ Adam Tisdall*
Adam Tisdall

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on May 16, 2022.

*/s/ Adam Tisdall*
Adam Tisdall

18