# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| KONINKLIJKE KPN N.V., | § | |
| *Plaintiff*, | § § § § | |
| v. | § § | CIVIL ACTION NO. 2:21-CV-00113-JRG |
| TELEFONAKTIEBOLAGET LM ERICSSON, ERICSSON INC., | § § § § | |
| *Defendants*. | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held a Pretrial Conference in the above-captioned matter on Monday, July 18, 2022 regarding pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Koninklijke KPN N.V. ("Plaintiff" or "KPN") and Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc. (together, "Defendants" or "Ericsson") (collectively with KPN, the "Parties"). (Dkt. Nos. 107, 111, 112, 113, 114, 115, 116, 120, 122, 123, 206, 208, 216, and 222). This Order memorializes the Court's rulings on the aforementioned pretrial motions and MILs as announced from the bench into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the pretrial hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

# PRETRIAL MOTIONS

1.  **Defendants' Motion to Strike Portions of the Infringement Report of Dr. Mangione-Smith for Contradicting the Court's Claim Construction Order and Introducing New Infringement Theories (Dkt. No. 107).**

With respect to the opinions regarding U.S. Patent No. RE48,089 (the "'089 Patent"), the motion was **DENIED**. (Dkt. No. 266 at 46:1–15). The Court was not persuaded that KPN's report raised a new theory of infringement from those disclosed in its infringement contentions. (*Id.*). Further, the Court noted that Ericsson was prepared to pursue arguments against KPN's theory via the *Tayloe* reference and was permitted a supplemental expert report based on its invalidity theories regarding the same. (*Id.* at 46:7–13, 188:23–189:1). The portion of the motion related to KPN asserting a single network theory was **WITHDRAWN**. (*Id.* at 26:22–25).

With respect to the opinions related to U.S. Patent No. 9,235,637 (the "'637 Patent"), the motion was **DENIED**. (*Id.* at 46:16–23). The Court found that KPN's theories did not violate the Court's Claim Construction Order and did not run afoul of the Court's rejection of KPN's previous argument in *Koninklijke KPN N.V. v. Samsung Elecs. Co.,* No. 2:14-cv-1165-JRG, 2016 WL 2610649 (E.D. Tex. May 6, 2016).

With respect to the opinions related to U.S. Patent No. 8,881,235 (the "'235 Patent"), the Court noted that Ericsson's arguments were **WITHDRAWN** in light of the Parties' agreement. (*Id.* at 47:6–8). The Parties represented that certain paragraphs of the Mangione-Smith report—identified in their stipulated resolution (Dkt. No. 227)—should be struck and that all remaining objections concerning opinions related to the '235 Patent were withdrawn. (*Id.* at 16:22–17:4). The Court accepts the stipulated resolution (Dkt. No. 227).

2. **Defendants' Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 9,253,637 (Dkt. No. 111).**

The Motion was **DENIED**. (*Id.* at 51:25–52:7). The Court noted that the Parties present competing expert opinions regarding whether the accused products store the access deny time interval in a register, and, accordingly, a material question of fact exists which precludes summary judgment. (*Id.*).

3. **Defendants' Motion to Strike Certain Opinions of Dr. Mangione-Smith (Dkt. No. 112).**

At the hearing, the Parties agreed to forego oral argument and elected to have the Court resolve this motion on the papers. (*Id.* at 53:4–6).

In the motion, Ericsson first argues that the Court should preclude Dr. Mangione-Smith from opining that Ericsson's 3G WCDMA products infringe the '089 Patent because he failed to include an analysis of the 3G remote drive test ("RDT") feature in his report. (Dkt. No. 112 at 2–4). In KPN's response, "KPN agrees that Dr. Mangione-Smith will not offer any testimony at trial that Ericsson's 3G products infringe the '089 Patent." (Dkt. No. 147 at 3). Accordingly, the Court **DENIES** this portion of the motion as moot.

Ericsson next argues that the Court should strike paragraphs 301, 326–327, 359, 360, 362–363, and 367 of the Wagner report because the same purportedly "rely on Dr. Mangione-Smith's . . . 3G analysis" and Dr. Mangione-Smith will not opine that 3G products infringe the '089 Patent. (Dkt. No. 112 at 1 n.1). KPN asserts that Mr. Wagner's analysis of the 3G products does not rely on or cite to Dr. Mangione-Smith's report. (Dkt. No. 147 at 4–5). The Court agrees with KPN. Mr. Wagner's report cites the testimony of Ericsson's own witnesses describing that the accused MDT functionality and the 3G RDT functionality are "more or less the same" as a basis to assume infringement and to conduct his damages calculations. (*See* Dkt. No. 112-4 at ¶ 323). The Court accordingly finds Ericsson's argument unpersuasive.

Ericsson further asserts that the Court should strike Dr. Mangione-Smith's infringement theory with respect to the '089 Patent because he improperly alleges that the "coverage estimator" element of Claims 1 and 13 can be met based on functions that the accused products only have a mere capability to perform. (Dkt. No. 112 at 4–5). According to Ericsson, Dr. Mangione-Smith's opinions in paragraphs 28, 29, and 100–07 of Appendix C to his report are unreliable because he relies on an optional feature called the Analytic Session Recorder ("ASR") within the accused products to assert infringement. (*Id.* at 4) (arguing that the Court should strike paragraph 74 of the Mangione-Smith report and paragraphs 28, 29, and 100–07 of Appendix C to the same). KPN responds that Dr. Mangione-Smith sufficiently opines that the accused products are configured—and have more than the mere *capability*—to generate the coverage assessment required by the claims. (Dkt. No. 147 at 5–10). Specifically, KPN argues that the Dr. Mangione-Smith uses ASR source code to ascertain which functionalities are within the accused Ericsson Network Manager ("ENM") product and to show how the accused product itself (rather than the ASR) infringes the '089 Patent. (*Id.* at 9). The Court finds Ericsson's arguments unpersuasive and sees no basis to strike the cited paragraphs of Dr. Mangione-Smith's report under *Daubert*. The above-cited paragraphs of the report concern opinions about data and measurements "stored in the ENM" and do not solely rely on an optional feature such that exclusion is appropriate. (*See* Dkt. No. 112-5 at ¶ 104). Accordingly, the Court finds that that the Defendants' Motion to Strike Certain Opinions of Dr. Mangione-Smith (Dkt. No. 112) should be and hereby is **DENIED**.

4. **KPN's Partial Motion for Summary Judgment and/or to Strike Expert Opinions Regarding Ericsson's FRAND Defense (Dkt. No. 113).**

The motion was **DENIED**. (Dkt. No. 226 at 77:9–12). The Court noted that Ericsson's burden on the two prongs of its FRAND defense could permissibly be satisfied through a combination of the affirmative opinions of its experts and cross-examination of KPN's experts.

(*See id.* at 68:8–24). The Court found that, at this early stage, a material question of fact existed and that KPN cannot preclude Ericsson from raising the FRAND defense simply because Ericsson intends to meet its burden through cross examination of KPN's experts or other witnesses. (*Id.* at 77:12–78:15). However, the Court cautioned the Parties that—while Ericsson is not precluded from raising its FRAND defense at the summary judgment stage—this issue might properly arise again at the Rule 50(a) stage after the Court has heard all the evidence at trial proffered to support Ericsson's contention that the asserted patents are burdened by a FRAND obligation. (*Id.*).

5. **Defendants' Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No. 8,881,235 (Dkt. No. 114).**

At the hearing, the Parties agreed to forego oral argument and submitted the motion for the Court's consideration on the papers. (*Id.* at 53:8–12).

In the motion, Ericsson argues that the Court should grant summary judgment of no direct and indirect infringement regarding claims 1, 5, and 6 of the '235 Patent.[1] (Dkt. No. 114 at 3–9). The claims at issue here are method claims that involve a "[m]ethod for service-based authentication of a terminal to a network" where the respective method steps recite a terminal receiving, identifying, determining, and sending various requests and communications. (Dkt. No. 114-6 at col. 11, ll. 30–51).

Regarding direct infringement, Ericsson asserts that summary judgment is proper because it does not make or sell user terminals in the United States and KPN allegedly fails to provide evidence that Ericsson tested (1) unlicensed user terminals (2) in the United States (3) using the specific 5G-AKA authentication protocol discussed in Dr. Mangione-Smith's report (4) with Ericsson's accused CCSM product. (Dkt. No. 114 at 3–5). KPN argues that summary judgment is

---

[1] In the motion, Ericsson seeks summary judgment regarding claims 1 and 4–7 of the '235 Patent; however, KPN dropped claims 4 and 7 of the '235 Patent after the motion was filed. (*See* Dkt. No. 221 at 5).

improper because (1) Ericsson's own documents indicate that Ericsson tested the accused products in the United States, and (2) the claim language only requires "authentication"—meaning it is irrelevant which particular authentication protocol Ericsson or its customers used during the tests. (Dkt. No. 148 at 2–5). KPN further argues that it need not affirmatively show that Ericsson used unlicensed terminals because Ericsson, as the party asserting a licensing defense, bears the burden to establish that the terminals used were licensed. (*Id.* at 6) (citing *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995) ("As the alleged infringer, [Defendant] had the burden of establishing the existence of an implied license as an affirmative defense.")).

The Court finds that summary judgment regarding direct infringement of the '235 Patent is improper. KPN presents Ericsson documentation and deposition testimony sufficient to create a material issue of fact as to whether testing of the CCSM product occurred on terminals located in Texas, Nevada, and California. (*See* Dkt. Nos. 148-7 at 13; 148-2 at 240:17–243:4; 148-4 at 30:3–17). Further, Dr. Mangione-Smith sufficiently opines that "the accused CCSM supports authentication using both 4G . . . and 5G . . . protocols" and therefore infringes by using either of the two 5G authentication protocols. (Dkt. No. 114-7 at ¶ 46, 52, 73). While the testimony of Dr. Mangione-Smith is limited to the four-corners of his report regarding any alleged infringement by the 5G-EAP-AKA' protocol, his opinions are sufficient to create a material issue of fact for both 5G authentication protocols. Finally, the Court agrees that Ericsson's failure to show that testing occurred on licensed terminals precludes an entry of summary judgment.

Regarding indirect infringement, Ericsson argues that summary judgment is appropriate because KPN can show no underlying direct infringement based on Ericsson's arguments detailed above. (Dkt. No. 114 at 6–7). Further, Ericsson asserts that KPN fails to present evidence showing

that Ericsson performed an affirmative act with "a specific intent to encourage another's infringement" and thus fails to satisfy the required elements for indirect (induced) infringement. (*Id.* at 7–9) (quoting *Vita-Mix Corp. v. Basic Hldg., Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)). KPN argues that it has shown evidence of underlying direct infringement—for example, sales, testing, and presentations given to Ericsson customers (*e.g.*, AT&T). (Dkt. No. 148 at 7). KPN additionally points to commercial presentations, product manuals, and advertising documents which identify the benefits of infringing use—such as slides advertising "preventing fraud when offering 5G services"—as evidence showing Ericsson's intent to encourage use of the accused products in an infringing manner. (*Id.* at 8–9) (citing Dkt. Nos. 148-5 at 43; 148-6 at 18; 148-7 at 5).

The Court finds that summary judgement regarding indirect (induced) infringement of the '235 Patent is improper. For the same reasons discussed above, KPN has identified evidence raising an issue of material fact regarding underlying direct infringement by Ericsson customers. Further, KPN's evidence (*e.g.*, commercial presentations) indicating that Ericsson "advertis[ed] an infringing use or instruct[ed on] how to engage in an infringing use, [is sufficient to] show an affirmative intent that the product be used to infringe." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005). Accordingly, and in light of the above, the Court finds that the Defendants' Motion for Partial Summary Judgment of Non-Infringement of U.S. Patent No. 8,881,235 (Dkt. No. 114) should be and hereby is **DENIED**.

6.  **Defendants' Sealed Motion for Partial Summary Judgment That Claim 11 of the U.S. Patent No. 8,881,235 is Invalid for Lack of Written Description (Dkt. No. 116).**

At the hearing, the Parties agreed to forego oral argument and submitted the motion for the Court's consideration on the papers. (Dkt. No. 226 at 53:8–12).

7

In the motion, Ericsson argues that claim 11 of the '235 Patent lacks written description support because the specification "only describes determining an expected service code based on a service request, *not* on an authentication data request." (Dkt. No. 116 at 4). Ericsson points to the flowchart in Figure 4 of the '235 Patent which demonstrates that the expected service code (XSC) is determined based on the service request at step 404—not on the authentication data request sent at step 406. (*Id.*; Dkt. No. 116-3 at Fig. 4). Ericsson further argues that KPN's expert, Dr. Mangione-Smith, does not sufficiently opine on the written description issue to create a fact question because he erroneously focuses on a description of "determining an expected service code based on a *service request*, not on an *authentication data request*." (Dkt. No. 116 at 5–6).

KPN responds that Dr. Mangione-Smith sufficiently opines to create a fact issue regarding whether a person of ordinary skill in the art would understand that the patent discloses the calculation of an expected service code based on an authentication data request. (Dkt. No. 140 at 9–10). Specifically, KPN points to Dr. Mangione-Smith's analysis in paragraphs 163–66 of his report which opines that "the patent describes calculating an expected response (XRES) based on the expected service code (XSC), and because the XRES then provides the channel information in the modified expected response (XRES') that can be used to determine whether 'the terminal received an authentication request via the communication channel that was expected by the network' . . . a POSITA would understand that the patent discloses calculating an expected service code based on an authentication data request." (*Id.* at 9–10). KPN further asserts—while Ericsson disagrees—that the originally filed claim 15 of the '235 Patent provides written description support under the originally-filed-claims doctrine. (*Id.* at 3–5). KPN asserts that originally filed claim 15 specifically contemplates a network node which first "receives an authentication data request" then

8

"determine[s] an expected service code associated with the type of communication channel via which the authentication data request was received by the network." (Dkt. No. 140-3 at 23).

The Court finds that the opinions of Dr. Mangione-Smith in combination with the language of the originally filed claim 15 raise a genuine issue of material fact regarding the written description support of claim 11. Here, both Parties proffer conflicting expert opinions on whether written description support exists regarding claim 11 of the '235 Patent. (*Compare* Dkt. No. 140-2 at ¶¶ 391–93, *with* Dkt. No. 116-2 at ¶¶163–66). "That each party's expert comes to a different conclusion on this issue demonstrates that genuine issues of material fact remain that preclude summary judgment." *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 697 (E.D. Tex. 2014) (denying MSJ of invalidity for lack of written description). Further, "[o]riginal claims are part of the original specification and in many cases will satisfy the written description requirement." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1297 (Fed. Cir. 2017). A reasonable jury could find that the disclosure of originally filed claim 15 in combination with the opinions of KPN's expert satisfy the written description requirement. Accordingly, the Court finds that the Defendants' Sealed Motion for Partial Summary Judgment That Claim 11 of the U.S. Patent No. 8,881,235 is Invalid for Lack of Written Description (Dkt. No. 116) should be and hereby is **DENIED**.

7. **KPN's Motion to Strike Portions of the Expert Reports of Wicker and Salters (Dkt. No. 115).**

The motion was **DENIED**. (Dkt. No. 226 at 93:4–5). The Court found that the issues raised in the motion go to the weight and not the admissibility of Dr. Wicker and Ms. Salter's opinions and that cross-examination, rather than exclusion, is the appropriate mechanism to challenge the expert opinions at issue. (*Id.* at 92:21–93:4).

8. **Defendants' Motion to Exclude and Strike the Expert Report of Michael Wagner (Dkt. No. 122).**

The motion was **DENIED-IN-PART** because the arguments raised in the briefing focus on the weight—not the admissibility—of Mr. Wagner's opinions, similar to those arguments raised in KPN's Motion to Strike Portions of the Expert Reports of Wicker and Salters (Dkt. No. 115). (*See Id.* at 104:16–18).

However, regarding paragraphs 275–81 of the Wagner report, the motion was **GRANTED**. (*Id.* at 104:23–24). The Court **STRUCK** paragraphs 275–81 of the Wagner report finding that the same were duplicative of the conclusions expressed in paragraphs 271–74 of the report and improperly raised prejudicial issues regarding unrelated litigation. (*Id.* at 104:19–105:8).

9. **Motion for Partial Summary Judgment That Certain 3GPP References are Authentic and Publicly Available (Dkt. No. 120).**

The Motion was **GRANTED**. (*Id.* at 118:1–3). The Court found that Defendants had met their burden of proffering evidence showing that certain 3GPP references were authentic and publicly accessible. (*Id.* at 117:16–24). In view of Plaintiff's failure to provide any evidence rebutting the same, summary judgment was appropriate. (*Id.* at 117:24–118:3). Accordingly, the Court found that the 3GPP references below were each authentic and publicly accessible as of the following dates:

| 3GPP Publication | Publicly Accessible No Later Than |
|---|---|
| R2-095954 (Dkt. No. 120-2) | October 6, 2009 |
| TS 36.331 v.9.0.0 (Dkt. No. 120-3) | September 29, 2009 |
| TR 36.805 v.2.0.0 (R2-097513) (Dkt. No. 120-4) | November 14, 2009 |
| R2-092435 (Dkt. No. 120-5) | March 17, 2009 |
| R2-092029 (Dkt. No. 120-6) | March 19, 2009 |
| R2-092703 (Dkt. No. 120-7) | April 6, 2009 |
| R2-096719 (Dkt. No. 120-8) | November 2, 2009 |
| TS 25.331 v.3.1.0 (Dkt. No. 120-9) | January 14, 2000 |
| TS 33.402 v.8.1.1 (Dkt. No. 120-10) | October 14, 2008 |
| TS 24.302 v.1.2.0 (Dkt. No. 120-11) | November 20, 2008 |

(*See* Dkt. No. 120-20 at 1).

10. **Defendants' Motion for Partial Summary Judgment That the Priority Date for the Asserted Claims of U.S. Patent RE48,089 is No Earlier Than December 21, 2009 (Dkt. No. 123).**

The motion was **WITHDRAWN**. (Dkt. No. 226 at 118:21). The Defendants noted that they would not rely on the prior art implicated by the motion. (*Id.* at 119:21–23).

At this juncture, the Court noted that Defendants raised additional concerns related to the *Tayloe* prior art reference. (*Id.* at 120:2–5). The Court ordered the Parties to meet-and-confer regarding a specific resolution regarding the use of the *Tayloe* reference, and the Parties presented their resolution to the Court following argument on the motions *in limine* ("MILs") and as detailed further herein. (*Id.* at 120:6–20).

# MOTIONS *IN LIMINE*

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

**I.     PLAINTIFF'S MOTIONS *IN LIMINE* (Dkt. No. 208).**

Plaintiff's MIL 1     **No Evidence, testimony, argument, or suggestion regarding any defense that Ericsson previously raised but is no longer asserting in this matter.**

The MIL was **GRANTED** as written. (*Id.* at 125:2–21).

The Court noted that paragraphs 352 and 354 of the Wicker report were not challenged under *Daubert*. (*Id.* at 125:7–25). This MIL does not preclude Dr. Wicker from testifying in a permissible manner or for a permissible purpose (such as impeachment) within the bounds of his unstricken report. (*Id.* at 125:22–127:12; 128:12–25).

Plaintiff's MIL 3     **Preclude reference to Inter Partes review petitions or proceedings.**

The MIL was **GRANTED**. (*Id.* at 129:9–21).

The Court will preclude any reference to *inter partes review*, the Patent Trial and Appeal Board, or other methods for review outlined in the America Invents Act, without prior leave of the Court. (*Id.*).

Plaintiff's MIL 7     **No evidence or testimony regarding the content of pleadings, and KPN's Markman arguments, infringement contentions, or pre-suit settlement discussions.**

The MIL was **GRANTED**. (*Id.* at 133:22–134:2).

The Court noted that *Markman* arguments, infringement contentions, and the contents of pleadings may not be raised before the jury without the Court's prior leave. (*Id.* at 134:1–25).

Plaintiff's MIL 9      **No references to privileged material.**

The MIL was **GRANTED AS AGREED** in light of Defendants' assertion that they no longer opposed the MIL. (*Id.* at 135:9–17).

Plaintiff's MIL 10      **Preclude Ericsson from offering any argument, evidence, or testimony contrary to its sworn 30(b)(6) testimony about MDT usage, including that its limited one-day MDT reports are representative of days during the damages period for which Ericsson has failed to preserve or produce data; that "activated" nodes are not configured for use by Ericsson's customers; and that the produced reports that reflect enablement and/or activation of MDT in customer nodes are a "mistake."**

The MIL was **WITHDRAWN**. (*Id.* at 136:4–6).

## II.      DEFENDANT'S MOTIONS *IN LIMINE* (Dkt. No. 206).

Defendants' MIL 1      **No evidence, testimony, argument, or suggestion regarding discovery disputes, deficiencies, violations, or spoliation.**

The MIL was **GRANTED AS AGREED**. (*Id.* at 138:5–19).

Specifically, the Court granted this MIL in light of the Parties' representation concerning the MDT audits. (*Id.*). The Parties agreed that KPN may argue that Ericsson only did audits at particular points in time, and both Parties can argue what the jury should infer from the scope of the audits. (*See id.* at 137:3–19). The Parties further agreed that neither side shall argue that any Party violated a discovery obligation or spoliated evidence related to the audits. (*Id.* at 137:19–24).

Defendants' MIL 2      **No evidence, argument, or suggestion regarding a reference to any matters or communications as to which the offering party asserted privilege, including but not limited to, draft patent applications, communications with prosecution counsel, etc.**

The MIL was **DENIED** in light of the Parties' representation that the dispute at issue was no longer live. (*Id.* at 140:4–17).

Defendants' MIL 3      **KPN shall not submit any evidence, testimony, argument, or suggestion regarding other Ericsson patent litigation.**

The MIL was **GRANTED AS AGREED** given that Plaintiff withdrew its opposition to the same. (*Id.* at 140:22–24).

### III.     AGREED MOTIONS *IN LIMINE* (Dkt. Nos. 205, 216, 222).

Before the pretrial conference, the Parties filed their Joint Stipulation and Proposed Order on Motions *in Limine*, their Joint Notice to the Court of Agreements Reached During Meet and Confer, and their Joint Notice to the Court of Additional Agreements Reached During Meet and Confer collectively requesting that the Court enter Agreed MILs 1 through 31. (Dkt. Nos. 205, 216, 222, respectively). At the pretrial conference, Agreed MILs 1 through 31 were **GRANTED-AS-AGREED**. (Dkt. No. 266 at 121:19–20). The Court noted that certain Agreed MILs resolved the disputes regarding KPN's MIL Nos. 2, 4, 5, 6, and 8 and Ericsson's MIL Nos. 4 and 5. Accordingly, KPN's MIL Nos. 2, 4, 5, 6, and 8 and Ericsson's MIL Nos. 4 and 5 were **WITHDRAWN**.

Without prior leave of the Court the Parties and the Parties' fact and expert witnesses are precluded from mentioning or raising the following matters before the jury:

Agreed MIL 1      **Evidence, testimony, argument, or suggestion regarding other patents to prove noninfringement. For example, Ericsson shall not argue that the fact that it owns or licenses patents practiced by the accused products means that the accused products do not also practice the patents in suit.**

Agreed MIL 2      **Ericsson will not present disparaging arguments, evidence, or testimony relating to the fact that KPN does not practice the patents in-suit or sell products or services in the United States.**

Agreed MIL 3      **No evidence, testimony, argument, or suggestion regarding use of jury consultants, shadow jurors, or focus groups.**

| | |
|---|---|
| Agreed MIL 4 | **No evidence, testimony, argument, or suggestion relating to experts' prior affiliations or retention by the law firms involved in this case, or relating to prior court rulings or jury verdicts involving experts' opinions. This *limine* shall not limit such evidence used solely for impeachment.** |
| Agreed MIL 5 | **Neither party will reference the size of any law firm representing any party; other matters handled by the law firms or their lawyers; other clients of the law firms or their lawyers; any disciplinary action or investigation into the law firms or their lawyers; the wealth of any law firm, their lawyers, or any expert witness retained by any party in this case; and fee agreements or costs for legal services or litigation.** |
| Agreed MIL 6 | **No evidence, testimony, argument, suggestion, or theories regarding prior rulings from the Court (other than claim construction).** |
| Agreed MIL 7 | **No arguments, evidence, or testimony that a claim or defense is meritorious because it has proceeded to trial. This *limine* includes arguments, evidence, or testimony that the Court has the power to dismiss non-meritorious or frivolous claims.** |
| Agreed MIL 8 | **No evidence, testimony, argument, or suggestion regarding infringement under DOE.** |
| Agreed MIL 9 | **No party or witness shall present any nexus / secondary considerations not disclosed in the party's interrogatory response.** |
| Agreed MIL 10 | **No evidence, testimony, argument, or suggestion of a conception date earlier than disclosed in KPN's interrogatory responses.** |
| Agreed MIL 11 | **No party or witness shall offer any evidence, testimony, argument, or suggestion that KPN is entitled to damages for patents not in suit.** |
| Agreed MIL 12 | **No party or witness will offer any evidence, testimony, argument, or suggestion regarding Ericsson's total company revenues, profits, or net worth.** |
| Agreed MIL 13 | **Neither party will present arguments, evidence, or testimony that a judgment or award of damages for or against either party would cause a loss of jobs, financial hardship, an increase in the prices of either party's products or services, or other similar economic or financial consequences.** |
| Agreed MIL 14 | **Neither party will reference the compensation of either party's owners, officers, and employees; and the compensation of either party's investors from interests in that party.** |

| | |
|---|---|
| Agreed MIL 15 | **No party will ask questions during voir dire seeking to commit prospective jurors to a particular range or amount of damages.** |
| Agreed MIL 16 | **No evidence, testimony, argument, or suggestion relating to any government or regulatory investigations, or criminal proceedings or convictions, of either party or its employees.** |
| Agreed MIL 17 | **No evidence, testimony, argument, or suggestion relating to assertions that Ericsson made payments to entities that were affiliated with terrorist groups.** |
| Agreed MIL 18 | **No party or witness shall make any inflammatory or misleading statements about the "clear and convincing" evidence standard beyond how the Court defines it for the jury. For example, no party or witness shall compare the "clear and convincing" standard for invalidity to the standard for child removal under the Texas Family Code.** |
| Agreed MIL 19 | **KPN and its witnesses shall not characterize Ericsson's conduct as "theft," "stealing," "pirating," "trespassing," or any similar terms.** |
| Agreed MIL 20 | **Neither party will reference a person's race, religion, sexual orientation, or gender identity.** |
| Agreed MIL 21 | **No evidence, testimony, argument, or suggestion relating to communications between litigation counsel in this action.** |
| Agreed MIL 22 | **Neither party shall make any criticisms of the PTO or the U.S. patent system.** |
| Agreed MIL 23 | **Neither party may refer to the expertise of patent examiners beyond what is included in the Federal Judicial Center's Patent Video for Jurors and the language from *In re Berg*, 320 F.3d 1310 (Fed. Cir. 2003): that examiners are "persons of scientific competence in the fields in which they work . . . ." *Id.* at 1315.** |
| Agreed MIL 24 | **Ericsson shall not present any non-infringement arguments based on specific preferred or disclosed embodiments in the '637 Patent or the '235 Patent, or any family members or counterparts thereof.** |
| Agreed MIL 25 | **No party will introduce evidence, argument, or testimony on Ericsson's total licensing revenue. This *limine* does not cover evidence, argument, or testimony about the fact that licensing is part of Ericsson's business, or that Ericsson licenses its patents and takes licenses from other parties.** |

| | |
|---|---|
| Agreed MIL 26 | **No party will make reference to or introduce argument, testimony, or suggestion regarding patents and claims that were previously in suit, but no longer are.** |
| Agreed MIL 27 | **Ericsson will not introduce evidence, argument, or testimony that the fact that KPN has or has not accused a third party or third-party product of infringing one or more of the asserted patents means that the accused Ericsson products do not infringe that patent.** |
| Agreed MIL 28 | **No party will introduce evidence, argument, or testimony asserting that any particular claim element of any claim of the asserted patents is more important than any of the other claim elements.** |
| Agreed MIL 29 | **Ericsson will not introduce evidence, argument, or testimony emphasizing Ericsson's connections to the Eastern District of Texas or suggesting it is "at home" in, or local to, the District. This *limine* will not preclude Ericsson from eliciting testimony that its U.S. headquarters are located in Plano, Texas or that it employs a certain number of people there; nor from eliciting testimony that a witness lives or works in the District.** |
| Agreed MIL 30 | **Ericsson will not introduce evidence, argument, or testimony regarding KPN's ability, efforts, or purported failures to obtain discovery from third party TNO.** |
| Agreed MIL 31 | **KPN will not argue that prior KPN-Ericsson non-assertion and voucher agreements are evidence of actual infringement by Ericsson. This *limine* does not preclude KPN from arguing that the prior KPN-Ericsson agreements are evidence of Ericsson's state of mind, including for purposes of willfulness and secondary considerations of non-obviousness.** |

If the Parties desire to introduce any evidence or argument or otherwise raise or mention any of the foregoing subjects addressed by the MILs set forth herein and before the jury, they must first approach the bench and obtain leave to do so from the Court.

All remaining MILs not covered hereby or otherwise addressed by the Court on the record are **DENIED AS MOOT**.

**RESOLUTION OF REMAINING PRETRIAL ISSUES**

As discussed above, the Parties raised additional issues concerning how the *Tayloe* reference would be raised by their respective experts and argued at trial. (*Id.* at 143:6–11). The Parties met-and-conferred and the Court **ORDERED** the following after the Parties recited their agreements into the record and argued the remaining disputes:

1. KPN shall narrow its asserted claims to no more than **seven (7) claims** by **Tuesday**, **July 19, 2022**. KPN may include its previously dropped Claim 13 of the '089 Patent as one of its seven asserted claims moving forward. (*Id.* at 183:23–184:1, 188:20–22).

2. Ericsson is permitted to file a supplemental report limited to Dr. Wicker's analysis of the charted *Tayloe* reference and not to exceed 10 pages in length. (*Id.* at 188:23–189:14). Such report shall be delivered to KPN by **Friday**, **July 22, 2022**. (*Id.*). Thereafter, KPN has **three (3) weeks** to serve a responsive supplemental report of Dr. Mangione-Smith addressing and the Wicker supplemental report. (*Id.*).

3. The Court shall **preadmit** the *Tayloe* reference as an exhibit, while all other exhibits in category twenty-eight of the disputed exhibits are not pre-admitted but can be used for demonstrative purposes subject to objection overnight and resolution by the Court. (*Id.* at 189:8–14).

4. Ericsson shall not use statements to impeach Dr. Mangione-Smith regarding the *Tayloe* reference which were made in Dr. Mangione-Smith's prior deposition without prior leave of Court. Such statements were made before the Parties resolved this issue via supplemental reports. (*See id.* at 184:21–185:4, 187:1–25, 189:15–190:5). The Court finds it improper to use such previous testimony regarding the *Tayloe* reference, without prior leave, for purposes of impeachment of Dr. Mangione-Smith's

supplemental opinions when the reference was not previously the active focus in the case. (*Id.* at 189:15–190:16).

**So ORDERED and SIGNED this 10th day of August, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE